## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2019, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Asher,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 21, 2019

Court of Appeals Case No.
18A-CR-2825

Appeal from the Marion Superior Court

The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G08-1807-CM-24839

**Bailey, Judge.**

# Case Summary

[1] Following a bench trial, James Asher ("Asher") was convicted of Class B misdemeanor Battery.[1] Asher now appeals, seeking appellate revision of his sentence. However, because Asher has already served his sentence, this issue is moot. Nonetheless, as the State points out, portions of the record erroneously reflect that Asher has been convicted of a Class A misdemeanor instead of a Class B misdemeanor. Thus, we remand for correction of the record.

# Facts and Procedural History

[2] On June 24, 2018, Asher carried a beer into his mother-in-law's home. His sister-in-law asked him to leave. Asher then threw beer onto his sister-in-law, with beer splashing onto his mother-in-law and around the kitchen. The State charged Asher with Class A misdemeanor Battery. A bench trial was held, and Asher was convicted of a lesser-included offense: Class B misdemeanor Battery. On November 5, 2018, Asher was sentenced to 180 days in the Marion County Jail with sixty days suspended to probation. Asher now appeals.

# Discussion and Decision

[3] Asher seeks appellate revision of his sentence. Yet, the State asserts—and Asher does not dispute—the issue is moot because Asher has served his

---

[1] Ind. Code § 35-42-2-1(c).

sentence. We conclude the issue is moot. *See T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 2019 WL 1915003, at \*2 (Ind. Apr. 30, 2019) ("The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." (quoting *In re Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991)). Having concluded as much, we would typically dismiss. *See id.* Yet, as the State observes, the Chronological Case Summary and written sentencing order erroneously show that Asher was convicted of a Class A misdemeanor. We therefore remand with instructions to correct the record so that it shows the conviction as a Class B misdemeanor.

[4] Remanded with instructions.

Riley, J., and Pyle, J., concur.